STATE

v.

Marco KENNEDY.

No. 2001–180–C.A.

Supreme Court of Rhode Island.

Dec. 12, 2002.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

## ORDER

The defendant, Marco Kennedy, has appealed a judgment of conviction of unlawfully delivering cocaine to a police officer, in violation of G.L.1956 § 21–28–4.01. The defendant argued that the trial justice erred in overruling one of defense counsel's objections during the prosecution's direct examination of a police witness. This case came before the Supreme Court for oral argument on December 3, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having considered the record, the parties' memoranda, and the oral arguments of counsel, we conclude that cause has not been shown, and we summarily affirm the judgment of conviction entered in the Superior Court.

The defendant was arrested on January 10, 2000, following his delivery of crack cocaine to Det. Michael Ciresi (Ciresi), a North Providence police officer working undercover in the Special Investigations Unit. Detective Ciresi testified before the jury that on that day, he dialed a pager number, which a confidential informant had given him. Ciresi then spoke with a male whom he would meet at a designated location and from whom he arranged to buy "20s," that is, pieces of crack cocaine that sold for $20. Detective Ciresi identified defendant as the individual whose vehicle approached him at the arranged location. According to Ciresi, defendant rolled down the window and spoke with him; defendant then dropped bags of cocaine out of his mouth and picked out five individually-wrapped pieces, handing them to Ciresi in exchange for two $50 bills.

During the state's direct examination of Ciresi, the prosecutor asked him, "Based on your knowledge and experience, why do drug dealers keep wrapped cocaine in their mouths?" The defendant objected to this question, based on its relevancy, and the trial justice overruled his objection. Detective Ciresi then testified: "It's a common practice that they carry it in their mouth in case anything goes wrong, they suspect it's the police or the police move in on them and they swallow the cocaine so there's no evidence." The defendant has argued that the trial justice erred in overruling defendant's objection. His objection is the sole issue defendant has raised on appeal.

Rule 401 of the Rhode Island Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This Court has consistently held that the determination of relevance for the purpose of admitting or excluding evidence is left to the sound discretion of the trial justice. *State v. Robertson*, 740 A.2d 330, 335 (R.I.1999); *State v. Gabriau*, 696 A.2d 290, 294 (R.I. 1997). We will disturb a trial justice's decision only if the determination of relevance was both an abuse of discretion and prejudicial to the rights of the accused. *Robertson*, 740 A.2d at 335.

We have also held that a trial justice does not abuse his discretion "when that discretion 'has been soundly and judicially exercised * * * in the light of reason applied to all the facts and with a view to the rights of all the parties to the action.' " *Id.* (quoting *Citrone v. SNJ Associates*, 682 A.2d 92, 95 (R.I.1996)). In this case, the sole question before the jury was whether defendant had sold drugs to an undercover officer. The trial justice could have reasonably determined that the evidence describing the practice of drug dealers was relevant to the jury's understanding of the case and of the conduct of defendant, especially given that the jury had already been informed that defendant had cocaine in his mouth when he first approached Det. Ciresi. Further, the fact that defendant's actions were consistent with those of drug dealers is relevant to the charge that he delivered controlled substances. We thus conclude that the trial justice did not abuse his discretion by admitting the evidence.

Moreover, even were we to assume that the trial justice abused his discretion, we perceive no reversible error because the defendant has not shown that the evidence prejudiced him in any way. *Robertson*, 740 A.2d at 335. To demonstrate prejudice, a defendant must show that a reasonable possibility exists that the improper evidence contributed to his conviction. *State v. Gomes*, 764 A.2d 125, 136 (R.I. 2001); *Gabriau*, 696 A.2d at 294. In the

present case, Det. Ciresi clearly identified the defendant as the person who sold him the cocaine. In addition, defendant was arrested immediately after the transaction and was found to have the two $50 bills used by Ciresi in the narcotics transaction. Detective Iafrate of the North Providence Police Special Investigation Unit testified that before Ciresi met with the defendant, he had photocopied the $50 bills that Det. Ciresi used in the transaction. Therefore, Det. Iafrate was able to confirm that the bills seized from the defendant had been used in the transaction. Given this overwhelming evidence of the defendant's guilt, it is highly unlikely that Det. Ciresi's testimony on the common practice of drug dealers contributed to the defendant's conviction.

For the foregoing reasons, we deny and dismiss the defendant's appeal, and we affirm the judgment of conviction by the Superior Court, to which we return the papers of this case.